IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ALABAMA
SOUTHERN DIVISION

JACKIE CURTIS HAYNES,          :

     Petitioner,              :

v.                             :       CIVIL ACTION 06-0273-BH-M

RALPH HOOKS,                   :

     Respondent.              :

REPORT AND RECOMMENDATION

    This is an action under 28 U.S.C. § 2254 by an Alabama
inmate which was referred for report and recommendation pursuant
to 28 U.S.C. § 636(b)(1)(B), Local Rule 72.2(c)(4), and Rule 8 of
the Rules Governing Section 2254 Cases.  This action is now ready
for consideration.  The state record is adequate to determine
Petitioner's claims; no federal evidentiary hearing is required.
It is recommended that this habeas petition be denied, that this
action be dismissed, and that judgment be entered in favor of
Respondent Ralph Hooks and against Petitioner Jackie Curtis
Haynes on all claims.

    Petitioner was convicted of first degree rape on April 22,
1982, in the Mobile County Circuit Court for which he received a
sentence of life without parole in the State penitentiary (Doc.
1, pp. 1-2; Doc. 10, p. 1).  Appeal was made to the Court of
Criminal Appeals of Alabama which affirmed the conviction and
sentence.  *Haynes v. State*, 424 So.2d 669 (Ala. Crim. App. 1982).

Haynes sought *certiorari* in the Alabama Supreme Court, but it was denied (Doc. 10, Exhibit B).

Petitioner filed a complaint with this Court on April 25, 2006,[1] raising the following claims:  (1) The sentence imposed against him was illegal because the trial court was without jurisdiction to render it; and (2) the sentence against him exceeded the maximum authorized sentence (Doc. 1).

Respondent has argued that this action should be dismissed because this Court's review is barred without a certificate from the Eleventh Circuit Court of Appeals pursuant to 28 U.S.C. § 2244(b) as Haynes has previously filed two federal habeas petitions (Doc. 10).  Respondent has shown that Haynes's first petition was dismissed because some of the claims were procedurally defaulted and the balance of the claims were without merit (Doc. 10, pp. 2-3; Exhibits C, D).  *Haynes v. Jones*, Civil Action 86-0782-AH-C (S.D. Ala. June 22, 1989).  The Eleventh Circuit Court of Appeals affirmed this Court's dismissal of that action and the U.S. Supreme Court denied Haynes's petition for writ of *certiorari* (Doc. 10, Exhibit E, F).  Respondent has also shown that Petitioner's second federal habeas petition was denied with prejudice (Doc. 10, p. 3).  *Haynes v. Sutton*, Civil Action 95-0334-AH-C (S.D. Ala. May 19, 1996).

---

[1]Petitioner initiated this action on April 25, 2006 with the signing and mailing of this habeas petition; it was not actually filed in this Court until May 1, 2006 (Doc. 1).

Respondent now asserts that this petition should be dismissed as it is successive (Doc. 10, pp. 3-4).  The statute to which Respondent refers states the following:  "Before a second or successive application permitted by this section is filed in the district court, the applicant shall move in the appropriate court of appeals for an order authorizing the district court to consider the application."  28 U.S.C. § 2244(b)(3)(A).

The Court first notes that Petitioner denied in his habeas petition that he has filed a previous habeas petition dealing with these same convictions (Doc. 1, p. 9-10, ¶ 14).  Court records clearly indicate otherwise.

Because Petitioner filed his third habeas petition here, without first obtaining authorization from the Eleventh Circuit Court of Appeals to do so, this Court is without jurisdiction to rule on it.  Though Petitioner has requested that this Court stay this action until he can seek permission from the Eleventh Circuit Court of Appeals to proceed (Doc. 12, p. 2), this Court is without jurisdiction to grant such a request.

Therefore, it is recommended that this habeas petition be dismissed as this Court does not have jurisdiction to review it[2] and that judgment be entered in favor of Respondent Ralph Hooks

---

[2]The Court also notes that Respondent has asserted that this action is barred by the one-year statute of limitations provisions of the Anti-Terrorism and Effective Death Penalty Act of 1996 which amended, in pertinent part, 28 U.S.C. § 2244 (Doc. 10, pp. 5-6). Because this Court lacks jurisdiction over this action, the Court cannot reach a decision on this issue.

and against Petitioner Jackie Curtis Haynes on all claims.

MAGISTRATE JUDGE'S EXPLANATION OF PROCEDURAL RIGHTS
AND RESPONSIBILITIES FOLLOWING RECOMMENDATION
<u>AND FINDINGS CONCERNING NEED FOR TRANSCRIPT</u>

1.   **Objection**.  Any party who objects to this recommendation or anything in it must, within ten days of the date of service of this document, file specific written objections with the clerk of court.  Failure to do so will bar a <u>de novo</u> determination by the district judge of anything in the recommendation and will bar an attack, on appeal, of the factual findings of the magistrate judge.  <u>See</u> 28 U.S.C. § 636(b)(1)(C); *Lewis v. Smith*, 855 F.2d 736, 738 (11th Cir. 1988); *Nettles v. Wainwright*, 677 F.2d 404 (5th Cir. Unit B, 1982)(<u>en banc</u>).  The procedure for challenging the findings and recommendations of the magistrate judge is set out in more detail in SD ALA LR 72.4 (June 1, 1997), which provides that:

> A party may object to a recommendation entered by a magistrate judge in a dispositive matter, that is, a matter excepted by 28 U.S.C. § 636(b)(1)(A), by filing a "Statement of Objection to Magistrate Judge's Recommendation" within ten days after being served with a copy of the recommendation, unless a different time is established by order.  The statement of objection shall specify those portions of the recommendation to which objection is made and the basis for the objection.  The objecting party shall submit to the district judge, at the time of filing the objection, a brief setting forth the party's arguments that the magistrate judge's recommendation should be reviewed <u>de novo</u> and a different disposition made.  It is insufficient to submit only a copy of the original brief submitted to the magistrate judge, although a copy of the original brief may be submitted or referred to and incorporated into the brief in support of the objection.  Failure to submit a brief in support of the objection may be deemed an abandonment of the objection.

A magistrate judge's recommendation cannot be appealed to a Court of Appeals; only the district judge's order or judgment can be appealed.

2.   **Transcript (applicable where proceedings tape recorded)**.
Pursuant to 28 U.S.C. § 1915 and Fed.R.Civ.P. 72(b), the magistrate judge finds that the tapes and original records in

4

this action are adequate for purposes of review.  Any party
planning to object to this recommendation, but unable to pay the
fee for a transcript, is advised that a judicial determination
that transcription is necessary is required before the United
States will pay the cost of the transcript.

    DONE this 8th day of August, 2006.


                        s/BERT W. MILLING, JR.
                        UNITED STATES MAGISTRATE JUDGE